IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10-cv-01008-REB-MEH

MINNESOTA LAWYERS MUTUAL INSURANCE, CO., a Minnesota corporation,

    Plaintiff, Counter-Defendant,

v.

ELIZABETH J. VERDISCO,

    Defendant, Counter-Claimant.

---

# ORDER ON MOTION TO INTERVENE

---

**Michael E. Hegarty, United States Magistrate Judge**.

Before the Court is a Motion to Intervene filed by interested parties, Mary Lynn Aschwanden, Mark Aschwanden, and Classic Work Construction, Inc. [filed July 2, 2010; docket #5]. Pursuant to 28 U.S.C. § 636(b)(1)(A) and D.C. Colo. LCivR 72.1.C, the matter has been referred to this Court for disposition. For the following reasons, the Court **grants** the motion.

**I.**     **Background**

In 2009, Defendant Elizabeth Verdisco, an attorney, filed an action against Mary Lynn Aschwanden, Mark Aschwanden and Classic Works Construction, LLC (the "Aschwanden parties") in Boulder County District Court involving a business venture called Green Home Finder, LLC. On February 10, 2010, the Aschwanden parties filed counterclaims against Verdisco seeking recovery for negligence, breach of fiduciary duty and misrepresentation. The counterclaim also sought a declaration that all agreements between the parties were null, void and unenforceable. Docket #1-5.

Plaintiff Minnesota Lawyers Mutual Insurance Co. ("MLM") initiated this action on May 3, 2010, seeking a declaration that there is no insurance coverage for Verdisco in the underlying state action, rescission of the subject insurance policy and reimbursement of monetary benefits paid

on the policy. Docket #1 at 7-9. On June 15, 2010, Verdisco filed an Answer and Counterclaims against MLM alleging breach of contract and bad faith. Docket #4.

On July 2, 2010, the Aschwanden parties filed the within partially unopposed motion seeking intervention as defendants in this case. Docket #5. Verdisco does not oppose intervention, but MLM objects. Essentially, the movants argue that they are entitled to intervention as a matter of right since they claim an interest relating to the subject policy, they need to protect their interest in this case, and the existing Defendant, Verdisco, will not adequately represent their interest. In the alternative, the movants seek permission from the Court to intervene arguing their intervention will not unduly delay the litigation nor prejudice any party's rights.

MLM timely filed its response to the motion contending that, under federal law, the movants' interest in this case is too "hypothetical" to be cognizable under Rule 24. Moreover, MLM argues that the movants' interests in defending the validity of the policy are identical to Verdisco's and, thus, Verdisco will adequately represent movants' interests. Finally, MLM asserts the movants' inclusion in the case will lead to duplicitous pleadings, complicate discovery and heighten discovery disputes.

## II.  Discussion

Rule 24 of the Federal Rules of Civil Procedure governs intervention in federal cases.[1] The rule provides a mechanism by which parties may intervene as a matter of right or with the permission of the court. *See* Fed. R. Civ. P. 24 (2010).

    A.    <u>Intervention as a Matter of Right</u>

---

[1] The Court notes that MLM does not dispute the Aschwanden parties' standing to intervene in this case. Nevertheless, the Court finds that movants have standing to intervene as defendants alongside Defendant Verdisco in this case. *See San Juan Cnty. v. United States*, 503 F.3d 1163, 1172 (10th Cir. 2007) ("parties seeking to intervene under Rule 24 (a) or (b) need not establish Article III standing so long as another party with constitutional standing on the same side as the intervenor remains in the case") (internal quotations and citation omitted).

Under Rule 24(a), on a timely motion, the court *must* permit a party to intervene who "claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest." Fed. R. Civ. P. 24(a)(2) (2010). The Tenth Circuit has summarized the requirements for intervention as a matter of right as: (1) the application is timely; (2) the applicant claims an interest relating to the property or transaction which is the subject of the action; (3) the applicant's interest may as a practical matter be impaired or impeded by disposition of the action; and (4) the applicant's interest is not adequately represented by existing parties. *United States v. Albert Inv. Co., Inc.*, 585 F.3d 1386, 1391 (10th Cir. 2009) (citing *Utah Ass'n of Counties v. Clinton,* 255 F.3d 1246, 1249 (10th Cir. 2001)) (internal quotations omitted); *see also Wildearth Guardians v. United States Forest Serv.*, 573 F.3d 992, 995 (10th Cir. 2009).

The Aschwanden parties assert they are entitled to intervene because they claim that their underlying counterclaims against Verdisco are covered by the MLM insurance policy and rescission of such policy would "render it unlikely that Intervenors could collect any judgment entered against Verdisco on their Counterclaim in the Boulder District Court." Docket #5 at 3. In addition, movants contend that, while their interest in validating the policy is aligned with Verdisco's, Verdisco would not necessarily adequately represent such interest due to the contentiousness between the parties in the underlying litigation and Verdisco's alleged financial inability to defend this action to its conclusion. *Id.*

1. Timeliness

MLM does not dispute that the Aschwanden parties' motion is timely. This action was filed May 3, 2010, and the present motion was filed only two months later on July 2, 2010. The Court

3

finds that the motion is timely filed.

        2.       Interest in the Subject Transaction

The Tenth Circuit has not addressed specifically whether a contingent interest in insurance policy proceeds suffices to meet Rule 24(a)(2)'s requirement. MLM cites an opinion from the District of New Mexico involving the same issue presented here – whether a litigant against the insured may intervene in the insurance company's declaratory coverage action – for the proposition that the contingency of an interest is not itself determinative, but may be a factor in considering whether to allow intervention. *See General Ins. Co. of America v. Rhoades*, 196 F.R.D. 620, 624 (D.N.M. 2000). The *Rhoades* court concluded that the fact the proposed intervenor had yet not obtained a judgment did not, itself, preclude the movant from intervening in the case. *Id.*

Since *Rhoades*, the Tenth Circuit has clarified Rule 24(a)'s requirement for stating a sufficient interest. The court has held that "the interest requirement is not a mechanical rule. It requires courts to exercise judgment based on the specific circumstances of the case." *Albert Inv. Co.*, 585 F.3d at 1392 (citing *San Juan Cnty. v. United States*, 503 F.3d 1163, 1199 (10th Cir. 2007) (en banc)) (internal quotations omitted). "At minimum, the applicant must have an interest that could be adversely affected by the litigation." *Id.* A threat of economic injury from the outcome of the litigation suffices as a requisite interest under Rule 24(a). *Id.* at 1393 (citing *Wildearth Guardians*, 573 F.3d at 996).

As to the contingency of an interest, the Tenth Circuit interpreted its opinion in *City of Stilwell v. Ozarks Rural Elec. Cooperative Corp.*, 79 F.3d 1038 (10th Cir. 1996), affirming that not *every* contingent interest fails to satisfy Rule 24(a)(2). *San Juan Cnty.*, 503 F.3d at 1202 (emphasis added). Rather, "[a]lthough the intervenor cannot rely on an interest that is wholly remote and speculative, the intervention may be based on an interest that is contingent upon the outcome of the litigation." *Id.* at 1203.

With these principles in mind, the Court finds that the Aschwanden parties have stated a sufficient interest in this litigation for intervention as a matter of right. Although they have not obtained a judgment in the underlying litigation, the threat of economic injury resulting from an adverse decision in this case states the requisite interest under Rule 24(a)(2).

        3.      Danger that Interest may be Impaired or Impeded

Citing *Rhoades*, MLM asserts that the Aschwanden parties have failed to demonstrate their only hope of recovery rests in establishing the existence of Verdisco's insurance coverage. Docket #14 at 4.

"To satisfy the impairment element of the intervention test, a would-be intervenor must show only that impairment of its substantial legal interest is possible if intervention is denied. This burden is minimal." *Wildearth Guardians*, 573 F.3d at 995 (quoting *Utah Ass'n of Counties v. Clinton*, 255 F.3d 1246, 1253 (10th Cir. 2001)). Here, if MLM is successful in the litigation, the Aschwanden parties may not be able to recover their full damages against the individual defendant, Verdisco. The movants claim they must have the opportunity to defend their interest in seeking to validate the insurance policy and argue that it is likely Verdisco will be financially unable to defend this action to its conclusion. While the movants provide no documentary evidence of this likelihood,[2] considering the minimal burden necessary under *Wildearth Guardians*, the Court finds sufficient the movants' statements reflecting information learned during the course of the underlying litigation concerning Verdisco's financial status. Verdisco has not objected to the motion; thus, the statements made in the briefing are unrebutted. Therefore, the Court finds that the Aschwanden parties have met their burden to show the possibility that their interest may be impaired if they are not allowed to intervene.

---

[2] The movants explain that they have been precluded in Boulder County District Court from engaging in discovery regarding Verdisco's assets prior to the entry of judgment. Docket #21 at 2.

4. Adequate Representation by Existing Parties

MLM contends that, because Verdisco's and the Aschwanden parties' interests are the same in this litigation, and because the movants have failed to raise issues regarding the performance of Verdisco or her counsel, the movants have failed to demonstrate Verdisco will not adequately represent the Aschwanden parties in this litigation. Docket #14 at 4-5.

"Even if an applicant satisfies the other requirements of Rule 24(a)(2), it is not entitled to intervene if its 'interest is adequately represented by existing parties.'" *San Juan Cnty.*, 503 F.3d at 1203. The Tenth Circuit has recognized a general presumption that "representation is adequate when the objective of the applicant for intervention is identical to that of one of the parties." *Id.* at 1204 (citing *City of Stilwell*, 79 F.3d at 1042) (internal quotations omitted).[3]

"An intervenor need only show the *possibility* of inadequate representation." *Wildearth Guardians*, 573 F.3d at 996 (emphasis in original). The burden is minimal; "[t]he possibility of divergence of interest need not be great in order to satisfy the burden of the applicants." *Id.* (citing *Coalition of Ariz./N.M. Counties for Stable Econ. Growth v. Dep't of the Interior*, 100 F.3d 837, 844-45 (10th Cir. 1996)); *see also San Juan Cnty.*, 503 F.3d at 1203 ("a prospective intervenor need make only a minimal showing to establish that its interests are not adequately represented by existing parties").

Here, the Aschwanden parties claim that "litigation between Verdisco and the [proposed]

---

[3] In *San Juan Cnty.*, the Tenth Circuit denied intervention by would-be defendants concluding that the "presumption [concerning adequate representation] should apply when the government is a party pursuing a single objective." *San Juan Cnty.*, 503 F.3d at 1205. Citing a First Circuit opinion "closest in point," the Tenth Circuit noted that the court had "employed an 'assumption, subject to evidence to the contrary, that the government will adequately defend its actions, at least where its interests appear to be aligned with those of the proposed intervenor." *Id.* (citing *Maine v. Director, U.S. Fish & Wildlife Serv.*, 262 F.3d 13, 19 (1st Cir. 2001)). Because the Defendant here is not a government entity and there is evidence offered to rebut the presumption, the Court finds this portion of the *San Juan Cnty.* opinion distinguishable.

6

Intervenors in the Boulder District Court has been, as might be expected in a professional liability dispute, quite contentious" and "the Intervenors cannot rely on Verdisco to protect their interest." Docket #5 at 3. Moreover, the movants repeat their concerns that, based upon her financial status, Verdisco could abandon her defense in this litigation or fail to "vigorously" defend the action sufficiently to protect their interest. Docket #21 at 2.

Again, recognizing the minimal burden necessary to show inadequate representation, the Court finds the movants have sufficiently demonstrated the possibility that Verdisco will not adequately represent their interests in this litigation. The Court finds it contrary to the interests of justice and fairness that parties involved in ongoing hotly disputed litigation, such as here, be expected suddenly to represent the interests of their adversary in a related case. Moreover, if the movants' statements concerning Verdisco's financial status prove to be true, it is likely Verdisco will not put forth "vigorous" efforts to defend this second action, and might abandon her defense altogether.

Accordingly the Court finds that the Aschwanden parties have sufficiently demonstrated they are entitled to intervention as a matter of right pursuant to Fed. R. Civ. P. 24(a)(2).

B.     Permissive Intervention

Even if the movants had failed to establish intervention as of right, the Court finds that it would permit intervention pursuant to Rule 24(b)(1)(B).

Rule 24(b) provides that, upon a timely motion, a court *may* permit anyone to intervene who has a claim or defense that shares with the main action a common question of law or fact. *See* Fed. R. Civ. P. 24(b)(1)(B) (2010). In exercising its discretion whether to allow intervention, the court must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights. Fed. R. Civ. P. 24(b)(3) (2010); *see also Wilderness Soc'y, Ctr. for Native Ecosystems v. Wisely*, 524 F. Supp. 2d 1285, 1294 (D. Colo. 2007). In addition, once the threshold

requirement of a common question of law or fact is satisfied, courts may consider such factors as: (1) whether the would-be intervenor's input adds value to the existing litigation; (2) whether the petitioner's interests are adequately represented by the existing parties; and (3) the availability of an adequate remedy in another action. *See Lower Arkansas Valley Water Conservancy Dist. v. United States*, 252 F.R.D. 687, 690-91 (D. Colo. 2008).

1. Undue Delay

While MLM does not argue specifically that intervention will cause undue delay in this case, it contends intervention will "lead to duplicitous pleadings, given the identical objectives of Defendant Verdisco and the Aschwandens" and "will inevitably complicate discovery and heighten discovery disputes." Docket #14 at 5. MLM does not elaborate on these contentions. The movants counter that they intend "to coordinate discovery with counsel for Verdisco in order to avoid duplication of discovery and to conserve legal time and resources." Docket #21 at 4.

The issues raised by MLM are speculative, at best. Certainly, such issues may be anticipated in *any* case involving multiple defendants and the Court is well-equipped to monitor and manage any such issues when they arise. Thus, the Court finds that this factor weighs in favor of intervention.

2. Prejudice to the Existing Parties

MLM asserts that "[s]hould the Aschwandens be allowed intervention and discovery proceed on any level, they will inevitably fall heir to information helpful to them and detrimental to Defendant Verdisco in the Underlying Action." Docket #14 at 5. MLM contends that, in turn, the damaging information may prejudice MLM, who will be responsible for defending the underlying action should the Court determine the policy valid. *Id.* MLM points specifically to the insurance claim file saying "[i]magine the damage Verdisco would suffer if the Aschwandens had access to any part" of the file. *Id.*

The movants counter that extensive discovery has already taken place in the underlying action, including thousands of pages exchanged electronically; consequently, "from a practical standpoint there is little information in the Plaintiff's claim file which could make matters worse for Defendant Verdisco in the Underlying Action." Docket #21 at 3-4.

First, the Court notes that Verdisco does not object to intervention by the Aschwanden parties; thus, she has articulated no prejudice to her in this matter. Second, if the Aschwanden parties were unable to gather information in the underlying action, but able to do so upon intervention in this action, the Court might agree with MLM that prejudice may inure to it. However, there is no indication that the Aschwanden parties have been prevented from or unable to discover the contents of the claims file in the underlying action through the subpoena process. Moreover, MLM has not argued (and the Court cannot discern) it would be unable to object to disclosure of the file in this action as opposed to in the underlying action. Finally, the Court notes that the motion was filed early in this litigation, just two weeks after Verdisco's Answer was filed and before the Scheduling Conference on July 13, 2010. Therefore, the Court finds that MLM has failed to demonstrate that intervention by the movants will be unduly prejudicial. This factor weighs in favor of intervention.

3.  *Lower Arkansas Valley* Factors

Here, the Court has already determined that the Aschwanden parties have demonstrated a possibility their interests will not be adequately represented by Verdisco in this action. This factor weighs in favor of intervention. The Aschwanden parties have not argued that their input will add value to the case; however, they have asserted they have the means and intent to defend this action to its conclusion. Thus, this factor weighs neither for nor against intervention. As for the availability of an adequate remedy in another action, the movants concede that they will not be

subject to an order of the District Court in this action as it stands today; thus, if they succeed in the underlying action, they may bring claims against MLM in a separate action. However, movants argue that a second subsequent action will be duplicative and a waste of judicial and the parties' resources and time. The Court agrees that the possibility of duplication and a waste of resources should be considered for purposes of this factor, and finds that the factor weighs neither for nor against intervention by the Aschwanden parties.

Balancing the factors necessary for consideration of permissive intervention under Rule 24(b)(1)(B), the Court concludes that the Aschwanden parties should be permitted to intervene as defendants in this action.

## III. Conclusion

Accordingly, for the foregoing reasons, the Court ORDERS that the Motion to Intervene filed by interested parties, Mary Lynn Aschwanden, Mark Aschwanden, and Classic Work Construction, Inc. [filed July 2, 2010; docket #5] is **granted** as set forth herein.

The Clerk of the Court is directed to add Mary Lynn Aschwanden, Mark Aschwanden, and Classic Work Construction, Inc. as Defendants in this action.

The Court approves the proposed "Answer of Intervenors" and directs the Aschwanden parties to file their Answer with the Court **on or before August 20, 2010**.

Dated at Denver, Colorado this 13th day of August, 2010.

BY THE COURT:

*Michael E. Hegarty*

Michael E. Hegarty
United States Magistrate Judge